08-5773-ag
Batubara v. Holder

BIA
Hladylowycz, IJ
A095 866 926

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> REENA RAGGI,
> *Circuit Judges*.

_____

SUNARYO BATUBARA,
> *Petitioner*,

v.                                    08-5773-ag

                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:     H. Raymond Fasano, Madeo & Fasano, New York, New York.

**FOR RESPONDENT:**      Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sunaryo Batubara, a native and citizen of Indonesia, seeks review of an October 31, 2008 order of the BIA, affirming the January 11, 2007 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sunaryo Batubara*, No. A095 866 926 (B.I.A. Oct. 31, 2008), *aff'g* No. A095 866 926 (Immig. Ct. N.Y. City Jan. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*

2

*v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Asylum and Withholding of Removal**

**A.   Past Persecution**

The IJ found that Batubara's harassment and discrimination did not rise to the level of persecution and that any well-founded fear of future persecution was undermined because: (1) he remained in Indonesia for some time after his family's store was looted; and (2) his family remained in Indonesia with no reported incidents of persecution.  The IJ additionally found that Batubara failed to establish that the Indonesian government is unwilling or unable to protect him and his family.

In light of these findings, which Batubara does not challenge, we conclude that the agency reasonably found that Batubara did not suffer past persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). To the extent that Batubara argues that the agency failed to consider the cumulative effect of the incidents of harm he endured, his argument is without merit.  The IJ explicitly noted that she did "not find that the incidents either singularly or in the cumulative would rise to the level of persecution" because "the incidents were sporadic and were

3

not so plentiful that I could find that viewed in the cumulative they would rise the level of persecution." *Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005).

Batubara additionally argues that the IJ ignored State Department reports which "demonstrated that there is escalating violence against Christians in Indonesia." However, Batubara does not point to any specific evidence to support his bald assertion that violence against Christians has increased in Indonesia. Regardless, the IJ explicitly referred to details in the reports supporting her determination that the situation for Chinese Christians in Indonesia had improved. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17, 341-42 (2d Cir. 2006).

**B. Pattern or Practice**

Batubara is not required to demonstrate that he would be individually singled out for persecution if he demonstrates a pattern or practice of persecution of a group of persons similarly situated to him on account of a protected ground and establishes his own inclusion in or identification with that group. *See* 8 C.F.R. § 1208.13(b)(2)(iii). However, the BIA has found time and again that there is no such pattern or practice of

4

persecution of Chinese Christians in Indonesia. *See Matter of A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (citing *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005)). This Court has found no error in those decisions. *See, e.g., Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Although the agency errs by ignoring a pattern or practice claim, *see Mufied v. Mukasey*, 508 F.3d 88, 91-93 (2d Cir. 2007), it did not do so here.

Because Batubara based his claim for withholding of removal on the same factual predicate as his asylum claim, and the IJ found that he did not meet his burden of proof, that claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. CAT Relief**

As the government argues, Batubara failed to challenge before the BIA the IJ's denial of CAT relief, and does not raise any such challenge in his brief before this Court. Accordingly, any challenge to the agency's denial of CAT relief is deemed abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk